UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS MARRA, :
    *Plaintiff*, :
     :
v. : Case No. 3:21cv1338 (MPS)
     :
COMMISSIONER ANGEL QUIROS, :
et al., :
    *Defendants*. :

## RULING ON DEFENDANTS' PARTIAL MOTION TO DISMISS

The *pro se* plaintiff, Thomas Marra, a sentenced inmate housed at Garner Correctional Institution of the Connecticut Department of Correction ("DOC"), filed this civil rights complaint under 42 U.S.C. § 1983 on October 8, 2021. Compl., ECF No. 1. On initial review, the Court permitted Marra to proceed on his Eighth Amendment medical indifference claims based on failures to provide him treatment for his shoulder fractures, to arrange for an appointment with a dermatologist in light of his high risk of skin cancer, and to arrange for a colonoscopy to monitor his severe ulcerative colitis. Initial Review Order ("IRO"), ECF No. 8.

Defendants have filed a partial motion to dismiss under Fed. R. Civ. P. 12(b)(6) arguing that they are entitled to qualified immunity as to Marra's claims related to the dermatologist appointment and colonoscopy. Mot. to Dis., ECF No. 30. For the reasons that follow, the motion is granted in part and denied in part.

### I. ALLEGATIONS

I consider the facts alleged in the complaint to be true for purposes of ruling on this motion to dismiss. This ruling includes only those facts relevant to the motion.

Dr. Freston and LPN Lockery are responsible for arranging specialized care outside of the prison. *See* Compl. at ¶¶ 34, 52.

In October 2019 and again in April 2021, a doctor at UConn Health Center recommended that Marra be seen by a dermatologist due to his high risk of skin cancer stemming from his use of certain medications. *Id.* at ¶ 38. On May 26, 2021, Dr. Patel, a gastroenterologist, also recommended that he see a dermatologist for the same reasons. *Id.* at ¶ 39.

Dr. Valletta submitted the URC request to LPN Lockery for Marra to be seen by a dermatologist. *Id.* at ¶ 40. As of the complaint's filing date, i.e., October 8, 2021, Marra had not received an approval to be seen by a dermatologist. *Id.* Dr. Freston was made aware that Marra needed to be seen by a dermatologist but failed to act to have LPN Lockery schedule Marra for an appointment. *Id.* at ¶ 43.

Marra suffers from severe ulcerative colitis.[1] *Id.* at ¶ 44. His gastroenterologist has recommended that he have a yearly colonoscopy. *Id.* The last colonoscopy he had was on August 29, 2019. *Id.* On April 7, 2021, a gastroenterologist saw Marra with Dr. Valletta present, and recommended that Marra have a colonoscopy "as soon as possible." *Id.* at ¶ 45. On May 26, 2021, Marra was seen by another gastroenterologist, who also recommended that Marra receive a colonoscopy "as soon as possible." *Id.* at ¶ 46. As of the complaint's filing date, neither Dr. Freston nor LPN Lockery had scheduled Marra for a colonoscopy. *Id.* at ¶ 47.[2]

---

[1] According to the publicly-available Mayo Clinic website, ulcerative colitis "is an inflammatory bowel disease (IBD) that causes inflammation and ulcers (sores) in your digestive tract. Ulcerative colitis affects the innermost lining of your large intestine (colon) and rectum. Symptoms usually develop over time, rather than suddenly. *Ulcerative colitis can be debilitating and can sometimes lead to life-threatening complications.* While it has no known cure, treatment can greatly reduce signs and symptoms of the disease and bring about long-term remission." See https://www.mayoclinic.org/diseases-conditions/ulcerative-colitis/symptoms-causes/syc-20353326 (emphasis added).

[2] Marra states in his objection to the motion to dismiss that he received appointments for a dermatology consultation and colonoscopy after he filed this lawsuit and the motion for temporary restraining order was served on Defendants. Pl.'s Obj., ECF No. 42-1 at 8-9.

## II. STANDARD OF REVIEW

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557).

Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the nonmovant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

Although a *pro se* complaint must be liberally construed "to raise the strongest arguments it suggests," *pro se* litigants are nonetheless required to "state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (brackets and internal quotation marks and citations omitted).[3]

---

[3] The docket does not reflect that Defendants provided Marra with a "Notice to Self-Represented Litigant Concerning Motion to Dismiss," along with copies of relevant rules of civil procedure, as required by Local Rule 12. *See* D. Conn. L. Civ. R. 12. I decline to deny the motion on this basis, however, because Marra's opposition indicates that he understood the nature and basis of the motion.

### III. DISCUSSION

Defendants argue that they are entitled to qualified immunity on Marra's Eighth Amendment claims alleging failures, over a two-year period, to arrange for a dermatology appointment to assess his "high risk" of skin cancer and for a colonoscopy to assess his severe ulcerative colitis after several doctors had indicated the need for such appointments. Defs.' Mem., ECF No. 30-1 at 8.[4]   I agree in part.

**Eighth Amendment**

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the United States Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." *Id.* at 104 (internal quotation marks and citation omitted). The Court explained that "[t]his is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-105.

To state a claim for deliberate indifference to a serious medical need, a plaintiff's claim must satisfy both objective and subjective elements. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). First, the alleged deprivation "must be, in objective terms, sufficiently serious." *Id.* (quotations and citations omitted). "Second, the charged official must act with a sufficiently culpable state of mind." *Id.*

Under the objective prong, the inmate's medical need or condition must be "a serious one." *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003). Factors relevant to the seriousness of a

---

[4] Although the Defendants submitted a declaration and exhibits with their reply brief in support of their arguments, I did not consider this evidence because it is improper to do so on motion to dismiss.

medical condition include whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether it causes "chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citations omitted). Moreover, "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

To satisfy the second subjective prong, a prison official or medical staff member must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his or her actions or inactions. *See Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Mere negligent conduct does not constitute deliberate indifference. *See Salahuddin*, 467 F.3d. at 280 ("[R]ecklessness entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent."); *Hernandez v. Keane,* 341 F.3d 137, 144 (2d Cir. 2003) (medical malpractice alone does not amount to deliberate indifference).

When an inmate brings an Eighth Amendment deliberate indifference claim based on "a temporary delay or interruption" of treatment, the court's objective "serious medical need inquiry can properly take into account the severity of the temporary deprivation alleged by the prisoner." *Smith v. Carpenter,* 316 F.3d 178, 186 (2d Cir. 2003). The court should consider the "particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition." *Id.* "[I]n most cases, the actual

5

medical consequences that flow from the alleged denial of care will be highly relevant to the question of whether the denial of treatment subjected the prisoner to a significant risk of serious harm." *Id.* As for the subjective component of the Eighth Amendment analysis, the defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his or her actions or inactions. *See Salahuddin,* 467 F.3d at 280.

### Qualified Immunity

Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity "affords government officials 'breathing room' to make reasonable—even if sometimes mistaken—decisions." *Distiso v. Cook*, 691 F.3d 226, 240 (2d Cir. 2012) (quoting *Messerschmidt v. Millender*, 565 U.S. 535, 553 (2012)). "The qualified immunity standard is 'forgiving' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Grice v. McVeigh*, 873 F.3d 162, 166 (2d Cir. 2017) (quoting *Amore v. Novarro*, 624 F.3d 522, 530 (2d Cir. 2010)).

"In determining whether state actors are entitled to qualified immunity under federal law, [the Court] consider[s] two factors: (1) whether the facts presented make out a violation of a constitutional right; and (2) whether the right at issue was clearly established when it was allegedly violated." *Torcivia v. Suffolk Cnty., New York*, 17 F.4th 342, 367 (2d Cir. 2021). "Only Supreme Court and Second Circuit precedent existing at the time of the alleged violation is relevant in deciding whether a right is clearly established." *Id.* (internal quotation marks and

6

citation omitted). "In evaluating these two factors, [the Court] look[s] to the specific context of the case at bar rather than broad general proposition[s]." *Id.* (internal quotation marks and citations omitted). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (internal quotations and citations omitted). There is no requirement that precedent be directly on point, "but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Qualified immunity may be successfully asserted on a motion to dismiss the complaint, but the defense "faces a formidable hurdle" at the pleading stage. *Horn v. Stephenson*, 11 F.4th 163, 169-70 (2d Cir. 2021). At this stage, the court draws all reasonable inferences in favor of the plaintiff both from the facts alleged in the complaint that support the plaintiff's claim and those that would defeat the qualified immunity defense. *Hyman v. Abrams*, 630 F. App'x 40, 42 (2d Cir. 2015).

Dermatology Appointment

Marra alleges that medical providers noted that he was at "high risk" of skin cancer because of certain medication he had taken, that three doctors recommended a dermatology consultation on three occasions over the course of two years, and that Dr. Valletta, likewise recognizing the need for the consultation (or so one could reasonably infer), submitted the proper request. Further, when the complaint is liberally construed and reasonable inferences are drawn in Marra's favor, Dr. Freston was aware of Dr. Valletta's request and the fact that three outside physicians had, over the course of two years, recommended that Marra see a dermatologist due to his "high risk" profile for skin cancer. Marra does not allege that he had or that anyone noted

7

any symptoms, signs, or complaints indicating that he had cancer. He does not allege that he was suffering any pain. According to his complaint, he sought a preventative screening because his medication placed him at risk for skin cancer. There is no allegation that he was ever diagnosed with skin cancer.

Defendants argue that there is no clearly established law from the Supreme Court or the Second Circuit that the risk of developing skin cancer, without more, constitutes a serious medical condition for purposes of the Eighth Amendment. I agree. The Court's research has not revealed that it is clearly established or "beyond debate." *al-Kidd*, 563 U.S. at 741, that a risk of developing cancer, in and of itself, is a serious medical condition. Accordingly, I must dismiss this claim on qualified immunity grounds.

Colonoscopy

Marra alleges that he has severe ulcerative colitis, that "his" gastroenterologist recommended that he have a colonoscopy yearly, that his last colonoscopy took place in August 2019, that two gastroenterologists recommended in April and May 2021, respectively, that he have a colonoscopy "as soon as possible," but that, as of October 2021, Dr. Freston and LPN Lockery, had failed to schedule him for a colonoscopy at all. *See* Compl. at ¶¶ 45, 46. When reasonable inferences are drawn in Marra's favor, the complaint suggests that Dr. Freston and LPN Lockery knew of the recommendations from the three gastroenterologists, knew that the two most recent recommendations sought an appointment urgently, knew the plaintiff had severe ulcerative colitis, knew the dangers associated with that condition (see note 2, *supra*), but chose not to heed the consistent recommendations of three specialists over a period of years. While the complaint does not expressly allege that Dr. Freston and LPN Lockery knew of the recommendations over a period

of years, it is a reasonable inference from plaintiff's allegations, especially when viewed through the indulgent lens courts must use when reading *pro se* pleadings, that they did. Further, although Defendants suggest that Marra was not symptomatic (ECF No. 51 at 2), the complaint contains no such suggestion and the reasonable inference I must draw from the allegation that Marra's ulcerative colitis was "severe" is just the opposite. Specifically, I must infer not only that he was symptomatic, but that his condition was debilitating and potentially even life-threatening. See note 2, *supra*. None of the cases the Defendants cite involved such a situation.[5] Defs.' Mem., ECF No. 30-1 at 8-9. And while there may not be a Supreme Court or Second Circuit decision that speaks specifically to severe ulcerative colitis, it is plain that a prison medical official who ignores a potentially life-threatening condition suffered by a symptomatic inmate – in the way that Dr. Freston and LPN Lockery allegedly did – violates the Eighth Amendment, and no reasonable prison medical official would believe otherwise.

It may well be the case that the inferences I have drawn from Marra's allegations are not supported by the evidence, as the Defendants argue in their reply, to which, as noted, they attached

---

[5] Defendants cite cases in which the district court was able to review a record showing plaintiff had not suffered any deliberate indifference to a serious medical condition. In *Ostroski v. Doe*, No. 3:12-CV-954 RNC, 2012 WL 5448331, at *1 (D. Conn. Nov. 7, 2012), the plaintiff claimed that the URC acted with deliberate indifference because the colonoscopy that he requested in 2006 and 2010 (on the grounds that he was over age fifty and his family had a history of polyps and colon problems) was not performed until 2011. The district court concluded that plaintiff's allegations failed to satisfy the objective component based on "severe pain, constipation and bleeding" and reflected that the URC had acted with reasonable promptness on the requests submitted on his behalf and did not thereby support an of "reckless indifference[.]" *Id.* at *3. In *Northrop v. Carucci*, No. 304-CV-103 RNC, 2007 WL 685173, at *3 (D. Conn. Mar. 5, 2007), the district court reviewed an evidentiary record from a prior state court habeas action showing that defendants "took affirmative steps to diagnose, monitor and treat his ulcerative colitis" and determined that the plaintiff "cannot prove that the defendants were deliberately indifferent. In *Moore v. Prentiss*, No. 10-CV-2925 SJF ETB, 2012 WL 294359, at *5 (E.D.N.Y. Jan. 31, 2012), the district court granted summary judgment in defendant-physician's favor where the evidence showed that he had acted reasonably and provided the plaintiff with adequate medical treatment. None of these cases involved the ignoring by prison officials over a period of years of an inmate's potentially life-threatening conditions.

additional material outside the pleadings in support of their position. But a motion to dismiss is not the proper procedural vehicle in which to consider evidence. At this stage, I conclude that Marra has alleged sufficient facts, when taken as true and when all reasonable inferences are drawn in his favor, to withstand a defense of qualified immunity as to his colonoscopy claim and therefore, I deny the motion to dismiss as to that claim.[6]

## IV.  CONCLUSION

For these reasons, the Defendants' partial motion to dismiss [ECF No. 30] is GRANTED IN PART and DENIED IN PART.

**SO ORDERED** this 11th day of May 2022, at Hartford, Connecticut.

_____/s/_____
Michael P. Shea
United States District Judge

---

[6] This ruling does not preclude the Defendants from asserting their entitlement to qualified immunity on a motion for summary judgment.